# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LE SHAWN NICKELSON,

    :

    Petitioner,                                  Case No. 1:11-cv-334

    :            District Judge S. Arthur Spiegel

    -vs-                                        Magistrate Judge Michael R. Merz

Warden, Chillicothe Correctional Institution,

    :

    Respondent.

---

## DECISION AND ORDER

---

       This habeas corpus case is before the Court on Petitioner's Motion to Strike Exhibit 69 to the Return of Writ "because this Court document has never been submitted in any State Court proceeding" (Motion, Doc. No. 24, PageID 926). Respondent opposes the Motion (Doc. No.27) and Petitioner has filed a Reply in support (Doc. No. 30).

       The exhibit in question comprises PageID 720-731 and consists of

1.     An order (labeled Judgment Entry) to preserve evidence taken on a search warrant executed at 403 South Street, Apt. 5, South Point, Ohio, on August 4, 2005, and signed by Judge Frank J. McCown (PageID 720).

2.     A search warrant commanding the search of the same place, also purportedly signed by Judge McCown on August 3, 2005 (PageID 721-722).

3.     A Return of Search Warrant purportedly executed by David Marcum (PageID 723).

4.     A Receipt and Inventory for the search purportedly sworn to by Detective Aaron Bollinger

      on August 4, 2005, before Deputy Clerk of Court/Notary Public Debra D. Clark (PageID 724-726.

5.      An Affidavit for Search Warrant showing probable cause to believe LeShawn Nickelson was engaged in the sale of crack cocaine, purportedly signed by David Marcum before Judge McCown with attached photographs of the place to be searched (PageID 727-731).

## Positions of the Parties

Mr. Nickelson argues Exhibit 69 should be stricken because he claims this document was never submitted in any state court proceeding and consideration of extra-record material is forbidden by *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-01, 179 L. Ed. 2d 557 (2011)(Motion, Doc. No. 24, PageID 926). He further alleges that this document was not provided in discovery under Ohio Crim. R. 16. He also cites an attached Affidavit supporting a Rule 60(b)(5) motion which he says the State never filed any objections to. He quotes a letter from Deputy Clerk of Courts Kim Preston stating "There has not been a search warrant filed in this Court." *Id.* at PageID 927.

Respondent claims these documents were before the state courts that adjudicated Petitioner's claims and points to indicia of authenticity on the documents themselves (Opposition, Doc. No. 27, PageID 981-984).

In his Reply, Petitioner notes that the prosecutor did not mention these documents in response to Petitioner's motion to dismiss the case against him on Fourth Amendment grounds (Reply, Doc. No. 30, PageID 1007). He again asserts that these papers were not produced in discovery under Ohio Crim. R. 16. *Id.* He claims that these documents were never part of the state

court record until 2011. *Id.* PageID 1008. He quotes the court of appeals opinion rejecting his claim of ineffective assistance of trial counsel as saying there was nothing in the record to indicate a motion to suppress was warranted. *Id.* He attaches various documents in support of his position, including a certified copy of PageID 720 bearing the certificate of Deputy Clerk Donna DePriest dated August 15, 2011, which Mr. Nickelson believes shows these documents were not placed in the file until 2011 (PageID 1011).

## Analysis

When Judge Litkovitz ordered an answer in this case, she directed Respondent to "[s]how cause -- supported by a detailed answer to petitioner's allegations, and by records, transcripts, affidavits, and other documentary evidence -- why a writ of habeas corpus should not issue." (Order, Doc. No. 2, PageID 34.) This is consistent with Rule 5 of the Rules Governing § 2254 Cases which specifically speaks to the filing of transcripts, briefs, and opinion, but does not preclude a district court from ordering or a respondent from filing a more complete record of proceedings in the state court. It is customary for the Ohio Attorney General's Office, which represents the respondents in almost all habeas corpus cases in this Court, to file a much more complete copy of the state court record and Respondent's counsel has done so in this case.

To the extent Petitioner is questioning the authenticity of Exhibit 69, his objection is without merit because these documents bear ample evidence of authenticity including repeated signatures of Judge McCown, the jurat of the Deputy Clerk on the Return, and the facial relationship of the documents to the Petitioner and the place where and date when the drugs were found which form

the basis of his conviction. The certification found on the copy of PageID 720 from August, 2011, is not a certificate that the document was created or placed in the file on that date; rather, that is the date the certificate was made.

Nor is this Court precluded from considering Exhibit 69 by *Cullen v. Pinholster, supra*. *Pinholster* holds that in deciding whether a state court decision on the merits of a federal claim is entitled to deference under 28 U.S.C. § 2254(d), the federal habeas court is limited to the record which was before the state court which decided the claim. *Pinholster* does not tell us how to determine what that record was. It would be unusual for an Ohio court of appeals to provide in its decision a list of all the documents that were part of the record before it; nothing in Ohio appellate practice requires including such a list. If a dispute arises in federal court about what the state record contains, that dispute is to be resolved in habeas cases as in all other federal cases by resort to the Federal Rules of Evidence, principally those dealing with authenticity. In general Fed. R. Evid. 901(a) requires that the proponent of an item of evidence "produce evidence sufficient to support a finding that the item is what the proponent claims it is." As noted above, Respondent has produced sufficient evidence, intrinsic to the documents themselves, that Exhibit 69 is what it purports to be, to wit, a set of documents regarding the issuance and execution of a search warrant for the premises at 403 South Street, Apartment 5, South Point, Ohio, on August 3-4, 2005.

Petitioner objects that Exhibit 69 was not produced in discovery, but there is no requirement for such production, since the underlying search warrant would not ordinarily be a document intended to be introduced at trial.

Petitioner also produces the statement of a Deputy Clerk that there is no search warrant in the felony case file for his criminal case. That would also not be uncommon. Under Ohio practice

as governed by the Ohio Supreme Court's Superintendence Rules, felony case numbers in municipal courts are designated "CRA." Once a felony case is bound over to the grand jury and an indictment returned, the case is re-numbered "CR." But a search warrant would not ordinarily be filed under either one of those case numbers: search warrants may produce no evidence at all or evidence to be used in number of cases.

In sum, Exhibit 69 is authentic and not precluded from use by the objections Petitioner raises. It is at least potentially a part of the record on which the state court of appeals based its decision because it was created in relation to Petitioner's felony case and was in the records of the Lawrence County Courts at the time the court of appeals decided the case. If the court of appeals made a specific finding that there was no search warrant or expressly says that it did not rely on the warrant, then this Court will disregard Exhibit 69, as required by *Pinholster*. However, the Motion to Strike is denied.

December 17, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge