# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LE SHAWN NICKELSON,

      Petitioner,  :  Case No. 1:11-cv-334

      -vs-  :  District Judge S. Arthur Spiegel
                              Magistrate Judge Michael R. Merz

Warden, Chillicothe Correctional Institution,
                                            :

      Respondent.

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO EXPAND THE RECORD

This habeas corpus case is before the Court on Petitioner's Motion to Expand the Record (Doc. No. 25). Respondent opposes the Motion in part (Doc. No. 26) and Petitioner has filed a Reply in support (Doc. No. 29).

Petitioner seeks to expand the record with the following materials:

1. Letters in 2009 to appellate attorney Michael Davenport (Exhibit A, PageID 939-947).

2. Public Records Act requests to the Lawrence County Clerk of Courts from May, 2011 (Exhibit B, PageID 948-949951).

3. Public Records Act requests to the Lawrence County Clerk of Courts from August, 2011 (Exhibit C, PageID 950-951).

4. Undated argument by Petitioner about guilty plea (Exhibit D, PageID 952).

5. Motion to Supplement the Record in Case No. 10 CA 21 in the Fourth District Court of Appeals (Exhibit E, PageID 953).

-1-

6. A cover letter signed by Petitioner for a set of interrogatories to the Lawrence County Prosecutor's Office with the interrogatories attached (Exhibit F, PageID 954-958).

7. Petitioner's Motion for Civil Rule 33 Interrogatories in this habeas corpus case (Exhibit G, PageID 959-962).

8. Petitioner's Motion for Civil Rule 36 Requests for Admissions in this habeas corpus case (Exhibit H, PageID 963-966).

9. March, 2009, letter from Petitioner to the Lawrence County Clerk of Courts requesting documents (Exhibit I, PageID 967).

10. Copy of Exhibit I with the endorsement "Dear Mr. Nickelson: There has not been a search warrant filed in this court." Michael B. Patterson by Kim Preston. (Exhibit J, PageID 968).

11, A certified copy of the fifth page of a Judgment Entry in Lawrence County Case No. 05-CR-155 purportedly signed by Judge D. Scott Bowling and showing the appointment of Michael A. Davenport as appellate counsel (Exhibit K, PageID 969).

## Applicable Law

Rule 7 of the Rules Governing Habeas Corpus Cases is quite general, authorizing the Court to "direct the parties to expand the record by submitting additional materials relating to the petition" which may include "letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge" as well as affidavits. *Id.* Rules 7(a)( and (b).

However, the application of Rule 7 is constricted by case law. "When expansion of the

record is used to achieve the same end as an evidentiary hearing, the petitioner ought to be subject to the same constraints that would be imposed if he had sought an evidentiary hearing" *Boyko v. Parke,* 259 F.3d 781, 790 (7th Cir. 2001). Pursuant to AEDPA, a prisoner may introduce new evidence in support of an evidentiary hearing or relief without an evidentiary hearing "only if [the prisoner] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed in § 2254(e)(2) were met." *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004) (citing *Michael Wayne Williams v. Taylor*, 529 U.S. 420, 431-37 (2000)).

Actual introduction of new evidence at an evidentiary hearing has been further constricted by the recent Supreme Court decision in *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011) . Under *Pinholster*, a federal habeas court must decide whether to defer to a state court decision on the merits without considering evidence beyond what the state court considered.

**Analysis**

Petitioner asserts that the letters in Exhibit A support his claim of ineffective assistance of appellate counsel against Mr. Davenport. However, there is no proof that the letters were submitted to the Lawrence County Court of Appeals before it decided that claim. Therefore, they must be excluded from this Court's decision of whether that court's decision is entitled to deference under 28 U.S.C. § 2254(d)(1) or (2). Because Petitioner has not suggested any other use for them in this case, they are excluded. Exhibits B and C are excluded on the same basis.

Respondent objects to Exhibit D on the same basis as Exhibits A-C (Response, Doc. No. 26, PageID 975.) Petitioner identifies Exhibit D as page three of his Application for Reconsideration

under Ohio R. App. P. 26(A) filed December, 2009. Because that Application is already part of the record, there is no need to expand the record to add this one page. As to Exhibit D, the Motion to Expand is denied as moot.

Respondent notes that all but one page of Exhibit E is already part of the record. With respect to those pages, the Motion to Expand is denied as moot. With respect to the one remaining page, Respondent has no objection and the Motion is granted as to that page.

The Motion is granted as to Exhibit F because Respondent makes no objection (Response, Doc. No. 26, PageID 976.)

Exhibits G and H are part of the record in this case, having been filed here as Doc. Nos. 7 and 9. As to them, the Motion is denied as moot.

Exhibits I, J, and K are already part of the state court record. Accordingly as to them the Motion is denied as moot.

December 17, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge
