# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LE SHAWN NICKELSON,

    Petitioner,                                      Case No. 1:11-cv-334

                                                 District Judge S. Arthur Spiegel
   -vs-                                          Magistrate Judge Michael R. Merz

Warden, Chillicothe Correctional Institution,

    Respondent.

## DECISION AND ORDER DENYING PETITIONER'S MOTION
## FOR EVIDENTIARY HEARING

       This habeas corpus case is before the Court on Petitioner's Motion for Evidentiary Hearing (Doc. No. 28).

       Petitioner asserts that there is evidence *dehors* the record which he wishes to introduce at an evidentiary hearing, but the documents attached to his Motion are already part of the record, with the possible exception of circles drawn on dates on the copies attached. Assuming Petitioner made the circles to emphasize some point in his argument, he can make that argument without an evidentiary hearing.

       In any event, Petitioner has not shown his entitlement to an evidentiary hearing under current law. Virtually all of the case authority he cites was decided before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). That statute severely limits prior authority for evidentiary hearings in federal habeas cases.

       Section 2254(e)(2) sets forth certain preconditions to obtaining an

> evidentiary hearing in a habeas proceeding where a petitioner has "failed to develop the factual basis of a claim in State court proceedings." The Supreme Court has held that "failed" within the meaning of § 2254(e)(2) refers to "a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000).
>
> [Even if a petitioner] overcomes the initial statutory hurdle to obtaining a hearing, "the fact that [a petitioner] is not disqualified from receiving an evidentiary hearing under § 2254(e)(2) does not entitle him to one." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). The Supreme Court recently explained that, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007); see also *Bowling*, 344 F.3d at 512 (determining that the district court's denial of an evidentiary hearing did not amount to an abuse of discretion after examining the following factors: whether the petitioner "alleges sufficient grounds for release," whether "relevant facts are in dispute," and whether the "state courts . . . h[e]ld a full and fair evidentiary hearing"). Furthermore, "[b]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Schriro*, 127 S. Ct. at 1940.

*Getsy v. Mitchell*, 495 F.3d 295, 310-311 (6th Cir. 2007)(*en banc*).  A further limitation was imposed in *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-01, 179 L. Ed. 2d 557 (2011), which has been discussed in previous filings.

Because Petitioner has not shown his entitlement to an evidentiary hearing and because the documents he seeks to introduce at such a hearing are already part of the record, the Motion is denied.

December 17, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge
