# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LE SHAWN NICKELSON,

    Petitioner,

-vs-

Warden, Chillicothe Correctional Institution,

    Respondent.

:

:

:

Case No. 1:11-cv-334

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS ON THE MERITS AND ON PETITIONER'S MOTION FOR SUMMARY JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Le Shawn Nickelson, is ripe for decision on the merits on the Petition (Doc. No. 3), the Return of Writ (Doc. No. 19), the Reply (Doc. No. 23), and Petitioner's Motion for Summary Judgment (Doc. No. 33).

Petitioner pleads the following Grounds for Relief:

> **Ground One:** Petitioner had ineffective assistance of counsel in the trial court by his attorney's failure to explain the nature and elements of the charge on Count 7 when O.R.C. statute requirement for 2925.03(A)(1)(c)(4)(D) as the written law is 5 grams. And the Bill of Particular [sic] and BCI&I lab report both have under the required amount and never shared. Failure to investigate and make the appropriate pre-sentence motion on a warrantless search in violation of Petitioner's 4th, 6th and 14th Amendment rights of the U.S. Constitution [and] Section 16, 10, Article I of the Ohio Constitution.
>
> **Ground Two:** The trial court denied Petitioner of his Due Process and Equal Protection by ruling on a presentence motion to withdraw guilty plea as untimely in violation of Petitioner's 5th and 14th Amendments rights of the U.S. Constitution, Section 16, Article 1 of Ohio Constitution.

**Ground Three:** The trial court denial of Petitioner's Criminal Rule 32.1 motion to withdraw his guilty plea without first conducting a hearing was in violation of Petitioner['s] 5th and 14th Amendment rights of the U.S. Constitution, Section 16, Article 1 of Ohio Constitution.

**Ground Four:** Petitioner was denied Due Process and Equal Protection of the 4th, 6th, and 14th Amendment[s] of the U.S. Constitution when appellate counsel failed to address prosecutor's misconduct for failure to producess [sic] a valid affidavit for search warrant.

**Ground Five:** Petitioner was denied Due Process and Equal Protection when appellate counsel failure [sic] to address prosecutor's misconduct for failure to producess [sic] evidence that someone else plead guilty to the same criminal offense 6th and 14 Amendments [of the United States Constitution], Section 10, 16 Article I [of the Ohio Constitution].

**Ground Six:** Petitioner was denied Due process and Equal Protection of the 6th, 14th Amendment[s] when appellate attorney failed to address on appeal whether petitioner was denied effective assistance of counsel at the sentence hearing because counsel failure to file a supplementary motion to the motion 32.1 pre-sentence 6th, 14th Amendments, section 10, 16 Article of Ohio Constitution.

**Ground Seven:** Petitioner appllelate [sic] counsel failure to advice [sic] the court of the conflict of interest with the petitioner and the law firm of Lambert & McWhother in which is the law firm of the appellate counsel in violation of the 6th and 14th Amendments, Section 10, 16 Article I of Ohio Constitution.

(Petition, Doc. No. 3, PageID 43-51.)

## Procedural History in the State Courts

Petitioner was indicted in the Lawrence County Common Pleas Court in August 2005 on nine counts of drug trafficking and one count of possession of criminal tools. Pursuant to a plea agreement, Petitioner pled guilty on October 25, 2005, to two counts of trafficking in return for

dismissal of all other charges. Petitioner failed to appear for the scheduled November 9, 2005, sentencing hearing and remained at large for over three years. After his arrest, he filed a *pro se* motion to withdraw his guilty plea on January 28, 2009. Rejecting that motion, the trial judge sentenced him on February 6, 2009, to the term of incarceration he is presently serving in Respondent's custody.

Represented by new counsel, Michael Davenport, Petitioner timely appealed to the Fourth District Court of Appeals. After Mr. Davenport filed an *Anders* brief, Petitioner *pro se* raised six assignments of error. The trial court judgment was affirmed December 15, 2009. *State v. Nickelson*, Case No. 09CA8, 2009 Ohio 7006, 2009 Ohio App. LEXIS 5879 (4th Dist. Dec. 15, 2009). The Ohio Supreme Court denied an application for further review.

Petitioner filed two unsuccessful applications to reopen under Ohio R. App. P. 26(A) and an unsuccessful application to reopen under Ohio R. App. P. 26(B); the Ohio Supreme Court declined to review these decisions. His April 2010 post-sentence motion to withdraw his guilty plea was denied without opinion. The court of appeals affirmed and denied an application for reconsideration; the Ohio Supreme Court declined further review. Mr. Nickelson then filed his Petition in this Court.

**Analysis**

**Claims Under the Ohio Constitution**

In each of his Grounds for Relief, Mr. Nickelson asserts violations of his rights under the Ohio Constitution. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276

(2010);*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62 (1991). Because this Court is not authorized to consider claims of state constitutional violations, no further analysis is devoted to them and all such claims should be dismissed without prejudice for failure to state a claim upon which federal habeas corpus relief can be granted.

**Ground One**

In his First Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel when his attorney (1) failed to explain to him the nature and elements of the charges in Count 7, (2) failed to share with him the bill of particulars and BCI report, and (3) failed to investigate and file a motion to suppress evidence seized in a warrantless search.

Mr. Nickelson raised a claim of ineffective assistance of trial counsel as his first *pro se* assignment of error on direct appeal. The court of appeals summarized that claim as follows:

> [*P5] Appellant asserts in his first assignment of error that he received constitutionally ineffective assistance from his trial counsel. Our analysis of this argument begins with the premise that defendants have a right to counsel, including a right to the effective assistance from counsel. *McCann v. Richardson* (1970), 397 U.S. 759, 770, 25 L. Ed. 2d 763, 90 S. Ct. 1441; *State v. Lytle* (Mar. 10, 1997), Ross App. No. 96CA2182, 1997 Ohio App. LEXIS 921; *State v. Doles* (Sep. 18, 1991), Ross App. No. 1660. To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient, and (2) such performance

> prejudiced the defense and deprived him of a fair trial. *See Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L.Ed. 2d 674, 104 S.Ct. 2052; *also see State v. Issa* (2001), 93 Ohio St.3d 49, 67, 2001 Ohio 1290, 752 N.E.2d 904; *State v. Goff* (1998), 82 Ohio St.3d 123, 139, 1998 Ohio 369, 694 N.E.2d 916.
>
> [*P6] Appellant claims that counsel was constitutionally ineffective because he advised him to accept a plea agreement rather than challenge what appellant claims is a defective indictment and a weak case for the prosecution. We are not persuaded.
>
> [*P7] First, the fact that counsel negotiated a plea agreement that resulted in the dismissal of eight of ten counts contained in the indictment hardly lends itself to a deficient performance claim. Second, we find no merit to the assertion that the indictment was defective. Finally, any evaluation concerning the strengths or weaknesses of the prosecution's case is a question of trial strategy or tactics, and such matters are not generally reviewed for ineffective assistance claims. See *State v. Burkhart*, Washington App. No. 08CA22, 2009 Ohio 1847, at P27; *State v. Lytle,* Ross App. No. 06CA2916, 2007 Ohio 3545, at P5.

*State v. Nickelson, supra*. While the court of appeals decision does not expressly deal with the claims of ineffective assistance of trial counsel as they are expressed in the Petition, Mr. Nickelson did present those claims, along with others, to the court of appeals in his Merit Brief (Exhibit 11 to Return of Writ, Doc. No. 19, PageID 257-259.) Therefore the court of appeals decision on the First Assignment of Error constitutes a decision on the merits of the First Ground for Relief.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000).

A state court decision can constitute an "adjudication on the merits" entitled to deference under 28 U. S.C. §2254(d)(1) even if the state court does not explicitly refer to the federal claim or to relevant federal case law. In *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770 (2011), the Supreme Court held:

> By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. *See Chadwick v. Janecka*, 312 F.3d 597, 605-606 (CA3 2002); *Wright v. Secretary for Dept. of Corrections*, 278 F.3d 1245, 1253-1254 (CA11 2002); *Sellan v. Kuhlman*, 261 F.3d 303, 311-312 (CA2 2001); *Bell v. Jarvis*, 236 F.3d 149, 158-162 (CA4 2000) (en banc); *Harris v. Stovall,* 212 F.3d 940, 943, n. 1 (CA6 2000); *Aycox v. Lytle,* 196 F.3d 1174, 1177-1178 (CA10 1999); *James v. Bowersox*, 187 F.3d 866, 869 (CA8 1999). And as this Court has observed, a state court need not cite or even be aware of our cases under § 2254(d). *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) (per curiam). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a "claim," not a component of one, has been adjudicated.

*Id.* at 784. "This Court now holds and reconfirms that §2254(d) does not require a state court to give reasons before its decisions can be deemed to have been 'adjudicated on the merits.'" *Id.* at 785. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Brown v. Bobby*, 656 F.3d 325 (6th

Cir. 2011), quoting *Harrington,* 131 S. Ct. at 784-85. When the state court is silent as to its reasoning in denying a claim, "a habeas court must determine what arguments of theories supported or ... could have supported the state court's decision." *Walker v. McGuiggan*, 656 F.3d 311 (6th Cir. 2011), *quoting Harrington,* 131 S. Ct. at 786.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* ___ U.S. ___, ___, 130 S.Ct. 2250, 2255 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the

> circumstances, the challenged action "might be considered sound trial
> strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that,
> but for counsel's unprofessional errors, the result of the proceeding
> would have been different. A reasonable probability is a probability
> sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 380 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011). *See generally* Annotation, 26 ALR Fed 218.

Respecting Petitioner's claim that his attorney did not explain to him what was required to prove Count 7 of the Indictment, there could not have been any prejudice from that lack of discussion because the Indictment itself plainly charges Petitioner with trafficking in crack cocaine in an amount equal to or more than five grams but less than ten grams (Exhibit 2 to Return of Writ). Moreover, Petitioner's claim that counsel did not explain the elements of the offense is directly contradicted by Petitioner's written representation in pleading guilty that his lawyer did explain the elements, a representation the trial court reviewed with him before accepting his plea (Quoted at Return of Writ, Doc. No. 19, PageID 139). The trial judge then himself explained Count 7. *Id.* at 141. Under these circumstances, the court of appeals decision was not an unreasonable application of *Strickland v. Washington* as to the first sub-claim of Ground One.

The second sub-claim is that his counsel failed to share the bill of particulars and the BCI

report. There is no requirement of professional practice of which this Court is aware that would have required trial counsel to share those two documents, particularly where nothing turns on their content. Petitioner attempts to assert that each of the drug quantities in the BCI report is directly tied to one count of the Indictment, but offers no proof of that. There was plainly enough crack cocaine seized to provide an adequate factual basis for the conviction on Count 7.

Finally, Mr. Nickelson asserts his counsel was ineffective for failing to suppress the results of a warrantless search. Petitioner's repeated reassertion that there was no warrant or affidavit to support the warrant does not make it so. Exhibit 69 to the Return of Writ, which the Court has refused to strike for reasons given in the separate order to that effect, contains all of the paperwork one would expect on an Ohio search warrant including an affidavit showing probable cause. The fact that these documents were not filed in the felony case file under which number Mr. Nickelson was indicted and convicted does not prove they are not genuine. In fact, it gives rise to no suspicion of impropriety at all because, as explain in the prior Order, it is not common practice in the Ohio courts to file all papers relating to a case in the felony case file.

Beyond his claim that there was no warrant affidavit, Mr. Nickelson has made no showing that a motion to suppress would likely have been granted. On its face, the warrant shows ample probable cause to search. The court of appeals decision that it was not ineffective assistance of trial counsel to fail to file a motion to suppress is not an objectively unreasonable application of *Strickland v. Washington*.

Petitioner's First Ground for Relief should be dismissed with prejudice.

**Grounds Two and Three**

In his Second and Third Grounds for Relief, Mr. Nickelson asserts the Lawrence County Common Pleas Court denied his due process and equal protection of the laws when it found his motion to withdraw his guilty plea to be untimely and denied it without a hearing.

There is no federal constitutional right to withdraw a guilty plea once it has been properly taken. The record in this case demonstrates that the guilty plea Mr. Nickelson made to two counts of a ten count indictment in October 2005 was made knowingly, intelligently, and voluntarily after full advice by the trial court about the rights being waived and the direct consequences of a conviction. Both Ohio and federal practice provide that motions to withdraw a guilty plea before sentence are to be liberally considered, but that does not in any way recognize a constitutional right to have them granted. In this case, as the court of appeals found, Mr. Nickelson absconded from bond supervision and was at large for three years between the time of his plea and the time of his motion to withdraw the plea. *State v. Nickelson, supra*, ¶ 26. Thus the motion was grossly untimely – Petitioner's absence could have been expected to seriously prejudice the State's case against him merely by the passage of time.

The Court is also unsure what kind of hearing Petitioner believes he was entitled to on his motion to withdraw. The trial judge actually dealt with the motion in open court with Petitioner present. The issues Petitioner sought to present on the motion to withdraw were, as the trial court fund, all issues which could have been and therefore should have been presented before the plea was taken.

Grounds Two and Three should be dismissed with prejudice because the state appellate court's decision on them is not an objectively unreasonable application of Supreme Court precedent under the Fourteenth Amendment.

**Ground Four**

In his Fourth Ground for Relief, Petitioner asserts he received ineffective assistance of appellate counsel when his appellate attorney did not raise an assignment of error asserting prosecutorial misconduct for failing to produce a valid affidavit for search warrant.

Respondent asserts this Ground for Relief is procedurally defaulted (Return of Writ, Doc. No. 19, PageID 151-153). In his Traverse, Petitioner makes no reply to this defense, but argues his claim on the merits (Traverse, Doc. No. 23, PageID 820-824).

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright*

replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Eley v. Bagley*, 604 F.3d 958 (6th Cir. 2010) *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407 (2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d at 138.

Applying the required *Maupin* analysis, the court finds first that Ohio does have a relevant procedural rule, to wit, its criminal *res judicata* doctrine enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967). Second, the state court of appeals applied that rule against Mr. Nickelson when it denied

his Ohio R. App. P. 26(B) Application (claiming ineffective assistance of appellate counsel for failure to raise this claim) on the grounds that the underlying issues could have been raised on direct appeal by Mr. Nickelson himself, who was permitted to file and have *pro se* assignments of error considered on the merits in his direct appeal. Third, the *Perry* rule is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F. 3rd 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001). Finally, Mr. Nickelson has not offered any excusing cause and prejudice nor any evidence, new or old, that he is innocent. Therefore Ground Four should be dismissed with prejudice.

Alternatively, if this Court were to reach the merits of this claim, that would also not assist Mr. Nickelson. Simply put, there is no duty on a prosecutor to produce a search warrant affidavit so failure to do so is not misconduct. Mr. Nickelson attempts to construe this as a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), but when the search warrant affidavit is examined, it is very inculpatory. If there truly were no such affidavit and a search warrant had been issued without it, arguably revelation of that fact would be required under *Brady*, but that is not the case here. Even if the Court were to reach the merits, Ground Four should be dismissed with prejudice.

## Ground Five

In his Fifth Ground for Relief, Petitioner accuses his appellate attorney of ineffective assistance because counsel did not accuse the prosecutor of misconduct for failing to reveal that a co-

defendant, Lord-Dazvon McIntosh, pled guilty to drug trafficking charges based on the same evidence that was used against Petitioner. This claim is also barred by procedural default on the same basis as Ground Four.

**Ground Six**

In his Sixth Ground for Relief, Petitioner accuses his appellate attorney of ineffective assistance for failing to make a claim of ineffective assistance of trial counsel regarding his trial attorney's failure to file a supplemental motion supporting his motion to withdraw his guilty plea. This Ground for Relief is procedurally defaulted on the same basis as Ground Four. In the alternative, there is no merit to this claim because Petitioner has not shown what issues would have been or should have been raised in such a supplemental motion that would have had any merit beyond the issues Petitioner himself raised.

**Ground Seven**

In his Seventh Ground for Relief Petitioner accuses his appellate attorney of ineffective assistance for failure to advise the appellate court of the conflict of interest between himself and the law firm of Lambert & McWhorter.

The supposed conflict of interest arose from the fact that Petitioner claims he had a "one night stand[1]" with one of the secretaries in that firm. This claim is barred by procedural default on the same basis as Ground Four. Moreover, there is no merit to it. Petitioner offers no proof that his appellate

---

[1] Understood by the Court to refer to a one-occasion sexual encounter, more contemporaneously called a "hook up."

counsel was aware of the encounter at the time he accepted appointment or filed the *Anders* brief. If Petitioner is asserting that the woman in question was somehow upset about the encounter, communicated that displeasure to Petitioner's appellate counsel, and persuaded him to violate his professional obligation to Petitioner to "punish" Mr. Nickelson for the encounter, he needs to present a great deal more evidence than he has. The mere fact of a casual sexual encounter between a law firm employee and a client does not create a conflict of interest between the lawyer and the client.

## Conclusion

Based on the foregoing analysis it is respectfully recommended that the Petitioner's Motion for Summary Judgment be denied and that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and this Court should certify to the Sixth Circuit Court of Appeals that any appeal is not taken in objective good faith and is therefore frivolous.

December 19, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P.

5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).