**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

LE SHAWN NICKELSON,

    Petitioner,

    -vs-

Warden, Chillicothe Correctional
  Institution,

    Respondent.

:

:

:

Case No. 1:11-cv-334

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

**DECISION AND ORDER**

This habeas corpus case is before the Court on Petitioner's Motion for Judicial Notice of Adjudicative Facts (Doc. No. 67) and Motion for Findings of Fact and Conclusions of Law on his prior Motion pursuant to Fed. R. Civ. P. 60(b)(5)(Doc. No. 68).

**Motion for Judicial Notice**

In the first Motion, Petitioner asks the Court to take judicial notice of the adjudicative fact that Exhibit 69 to the Return of Writ was never filed in the state court. Under Fed. R. Evid. 201, a federal court may take judicial notice of a fact only if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The "fact" of which Petitioner wishes judicial notice taken is strongly disputed by

Respondent in this very case. The Magistrate Judge has previously and repeatedly given reasons why he believes Petitioner is wrong in his assertion that the search warrant was never filed. In any event, it is not a fact beyond dispute as would be required for judicial notice.

To prove the supposedly indisputable facts, Petitioner attaches two documents. The first purports to be a letter from Petitioner to the Clerk of the Lawrence County Municipal Court asking for copies of the affidavit for search warrant and the warrant itself and makes reference to two case numbers, 05-CR-155 and CRA 0500719 (Doc. No. 67, PageID 1332). The letter shows the file-stamp date of June 24, 2009, and an apparent response dated the same day in a different handwriting from Petitioner's which reads "No search warrant was ever issued. Pam Stelton, Dep. Clerk 6-24-09." That notation does not prove conclusively what Petitioner claims it proves. It does not show what files Ms. Stelton examined. It is not sworn to or certified. There is no proof from Petitioner that Ms. Stelton is a deputy clerk of courts for Lawrence County Municipal Court. Ms. Stelton, assuming she is such a clerk, is presumably subject to making mistakes as are all human beings. Thus while this notation is **some** evidence that no search warrant was issued, it is not conclusive proof that no warrant was issued and is certainly not proof of fraud by the prosecutor.

The second document is a March 10, 2009, letter to the Clerk of Courts asking for several documents from Case No. 05-CR-155 (Doc. No. 67, PageID 1331). It bears the purported response of Kim Preston that "There has not been a search warrant filed in this court." This document has the same weaknesses as the document from Ms. Stelton. It is some evidence, but not conclusive evidence, on the point Mr. Nickelson is trying to make.

In contrast to Mr. Nickelson's assertions, Exhibit 69 has numerous indicia of authenticity. It bears the purported signatures of Investigator David Marcum and of a judge of the Lawrence

County Court. It provides probable cause to search Petitioner's residence where indeed crack cocaine was found and on the basis of which Petitioner pled guilty. Again, while these are not conclusive proof that a search warrant was issued, they prevent taking judicial notice that one was not.

For further analysis of Petitioner's Fourth Ground for Relief, the District Court is directed to the Report and Recommendations on the merits (Doc. No. 37, PageID 1076-1078).

## Motion for Findings of Fact and Conclusions of Law

In his second motion of the day (Doc. No. 68), Mr. Nickelson moves for findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52 on his Motion Pursuant to Rule 60(b)(5)(Doc. No. 64). By notation order, the Magistrate Judge denied the Motion for relief from judgment under Fed. R. Civ. P. 60(b)(5) because it did not seek relief from a judgment, which is the function of a Rule 60(b) motion. In any event, Fed. R. Civ. P. 52 only applies to actions tried on the facts without a jury. This case has not been thus tried and therefore no findings of fact or conclusions of law under Rule 52 are required.

February 17, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge