```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

LeSHAWN NICKELSON, :
: NO. 1:11-CV-00334
    Petitioner, :
:
:
 v. : **OPINION AND ORDER**
:
:
WARDEN, CHILLICOTHE :
CORRECTIONAL INSTITUTION, :
:
    Respondent.

       This matter is before the Court on the Magistrate Judge's Report and Recommendation, (doc. 37) and Petitioner's objections thereto (doc. 38). Also pending before the Court are Petitioner's Motion for Summary Judgment (doc. 33); Petitioner's Objections to Magistrate's Order Denying Motion for Grand Jury Minutes Based on Fraudulent Misrepresentation (doc. 53); Objections to Motion Leave to File an Amended Petition (doc. 59); Petitioner's Objections to Magistrate's Order Denying Evidentiary Hearing (doc. 61); Petitioner's Objections to Magistrate's Order Motion to Strike Exhibit 69 to the Return of Writ "because this Court document has never been submitted in any State Court proceeding" (doc. 62); Objection to Magistrate's Order Denying Motion Judicial Notice of Adjudicative Facts Rule 201 of Federal Rules of Evidence (doc. 63); Petitioner's Objection to Magistrate's Order Denying the Motion and Affidavit in Supports to Order Lawrence County Clerk of Court to

Release the Certified Copy of the Docket and Journal Filed February 19, 2009 and April 28, 2010 (doc. 65); Petitioner's Objections to the Magistrate's Order Denying the Motion Pursuant to Rule 60(b)(5) Fraudulent Misrepresentation & Fraud on the Court by Respondent's Attorney (doc. 70); Objections to Magistrate's Order for Failure to Give Finding of Facts & Conclusion of Law on 60(B)(5) Motion (doc. 72); and Objection to Magistrate Judge's Order Denying Motion for Judicial Notice of Adjudicative Facts (doc. 76).

For the following reasons, the Court AFFIRMS and ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 37), DENIES Petitioner's objections, DENIES Petitioner's Motion for Summary Judgment (doc. 33) and DENIES WITH PREJUDICE Petitioner's habeas petition. This decision renders Petitioner's outstanding objections moot, and they are denied as such.

**I. Background and the Magistrate Judge's Report & Recommendation**

In 2005, Petitioner pleaded guilty to two counts of trafficking, in exchange for a dismissal of the other eight counts, and then failed to appear at his sentencing hearing (doc. 37). He was arrested several years later and, at that time, filed a pro se motion to withdraw his guilty plea, which was rejected, and Petitioner was sentenced to the term he is currently serving (Id.).

In his habeas petition, Petitioner pleads seven grounds for relief: (1) ineffective assistance of counsel based on his counsel's alleged failures to explain the nature and elements of

the charge and to investigate and move to suppress based on a warrantless search; (2) denial of due process and equal protection when the trial court denied as untimely his motion to withdraw his guilty plea; (3) violation of his Fifth and Fourteenth Amendment rights when the trial court denied his motion to withdraw his guilty plea without first conducting a hearing; (4) denial of due process and equal protection when appellate counsel "failed to address prosecutor's misconduct" for failure to produce a valid affidavit for the search warrant; (5) denial of due process and equal protection when appellate counsel "failed to address prosecutor's misconduct" for failure to produce evidence that someone else pled guilty to the same offense; (6) denial of due process and equal protection when appellate attorney failed to address on appeal whether Petitioner was denied effective assistance of trial counsel; and (7) ineffective assistance of appellate counsel for failure to advise the court of a conflict of interest between Petitioner and his appellate counsel's law firm (Id.).

As an initial matter, the Magistrate Judge observed that Petitioner asserts violations of his rights under the Ohio Constitution in each of his grounds for relief (Id.). Noting that federal habeas relief is available only to address federal constitutional violations, the Magistrate Judge recommends that all such claims should be dismissed without prejudice for failure to

state a claim upon which federal habeas relief can be granted (Id.).

With respect to the federal claims contained in Petitioner's grounds for relief, the Magistrate Judge recommends that they be dismissed with prejudice (Id.). Specifically, as to Ground One, the Magistrate Judge determined that the state court's adjudication of Petitioner's federal constitutional claim of ineffective assistance of counsel was not contrary to or an objectively unreasonable application of clearly established Supreme Court precedent under Strickland v. Washington, 466 U.S. 668 (1984). Thus, he recommends that Ground One be dismissed on the merits (Id.). Regarding Grounds Two and Three, the Magistrate Judge first observed that there is no federal constitutional right to withdraw a guilty plea once it has been properly given (Id.). To the extent Petitioner's petition could be read to assert that his plea was not made knowingly, intelligently and voluntarily, the Magistrate Judge found the record cannot support such an assertion (Id.). Therefore, he recommends that Grounds Two and Three be dismissed on the merits because the state appellate court's decision regarding the withdrawal of the guilty plea was not an objectively unreasonable application of Supreme Court precedent under the Fourteenth Amendment (Id.).

The Magistrate Judge recommends that Grounds Four, Five, Six and Seven be dismissed with prejudice because they are

procedurally barred (Id.).  The Magistrate Judge further recommends that if the Court were to reach the merits of Ground Four it should similarly be dismissed with prejudice because there is no prosecutorial duty to produce a search warrant affidavit so failure to do so is not misconduct.  In addition, the Magistrate Judge recommends that if the Court were to reach the merits of Ground Six it should similarly be dismissed because Petitioner has not shown what issues could have or should have been raised in a supplemental motion supporting his motion to withdraw his guilty plea that would have had any merit beyond the issues raised by Petitioner himself (Id.).  Further, the Magistrate Judge determined that there is no merit to Ground Seven because the "mere fact of a casual sexual encounter between a law firm employee and a client does not create a conflict of interest between the lawyer and the client" (Id.).

Consequently, the Magistrate Judge recommends that Petitioner's motion for summary judgment be denied; that his petition be dismissed with prejudice; that a certificate of appealability not issue; and that the Court certify that any appeal would not be taken in good faith  (Id.).

**II. Petitioner's Objections & the Court's Analysis**

    **A.  Ground One**

Petitioner objects to the Magistrate Judge's report as to Ground One, saying that he was prejudiced by his attorney's failure to share the bill of particulars and BCI report, his attorney's

alleged failure to explain to him the nature and elements of the charges to which he pleaded guilty, and his attorney's alleged failure to investigate and file a motion to suppress evidence (doc. 38). Specifically, he seems to imply that, had he been given the bill of particulars and the BCI report, he would not have pleaded to one of the counts and would only have been subjected to a five year sentence instead of the eight years to which he was sentenced (Id.).

As an initial matter, Petitioner's objections largely consist of a rehashing of the arguments set forth in his petition, which were thoroughly and properly addressed and rejected by the Magistrate Judge. Nonetheless, the Court has conducted a de novo review of the evidence and the law and has concluded that there is no merit to Petitioner's objections. Petitioner's assertions and implications are simply insufficient to overcome the deference this Court owes to the state court decision on this issue, and he has presented nothing in either the petition or his objections that demonstrates that the state court's decision was contrary to or an unreasonable application of clearly established Supreme Court precedent. See, e.g., Harrington v. Richter, 131 S.Ct. 770, 792 (2011). In addition, the Court notes that Petitioner fails to acknowledge that he was charged in a nine-count indictment and that he received a significant benefit by pleading to only two counts. He has presented nothing to show a reasonable probability that the

ultimate resolution of the charges against him would have been different, something the Supreme Court requires him to do. See Strickland, 466 U.S. at 694. Therefore, his habeas petition fails as to Ground One.

**B.   Grounds Two and Three**

With respect to Ground Two, Petitioner contends that the Respondent Warden "admitted" the merits of his constitutional claim and that the Magistrate Judge failed to address those merits (Id.). As an initial matter, Petitioner appears to misread the Respondent's return of writ as an admission when, in fact, it is not. Petitioner erroneously quotes from page 34 of the Respondent's filing as "Claim 2 Due Process to wit Fundamental Fairness was violated where the trial court found Nickelson's Motion to withdraw guilty plea was untimely." In fact, the filing read, "Ground Two claims due process (to-wit, fundamental fairness) was violated where the trial court found Nickelson's motion to withdraw guilty plea was untimely" (doc. 19). The difference between the two sentences is important, and Petitioner's confusion likely arises from the use of the word "claim," which can mean both "assert" and a "ground" or "cause of action." Petitioner appears to have read the Respondent's filing with the latter meaning of "claim." However, in context, and accurately quoted, the Respondent was clearly using the word "claim" to mean "assert," so that the sentence is merely a reiteration of Petitioner's

assertions in Ground Two of his petition and not an admission at all.

Petitioner appears to assert that the trial court's decision to deny his application to withdraw his guilty plea on the basis that it was untimely was somehow a violation of his due process or equal protection rights but presents nothing to support that assertion apart from a citation to Hicks v. Oklahoma, 447 U.S. 343 (1980). No conceivable reading of that case could lead the Court to find a constitutional violation when a state trial court, applying state laws, exercises its discretion to find that a motion to withdraw a guilty plea rests on matters that should have been addressed prior to the entry of the plea, that it was therefore untimely, and to reach that conclusion without conducting the type of hearing Petitioner wanted.[1] As the Magistrate Judge noted, there is no federal constitutional right to the withdrawal of a guilty plea and certainly no federal constitutional right to whatever type of hearing desired by individual defendants at any point in time.

Petitioner asserts in his objections that his guilty plea

---

[1] Hicks v. Oklahoma did not even involve a guilty plea but, instead, was brought by a prisoner who had been convicted through a trial by jury. 447 U.S. at 344. While Hicks did generally deal with due process concerns, the specific issue presented was whether due process was violated where a prisoner was sentenced under a mandatory punishment statute when, under state law, he was entitled to a discretionary sentencing approach. Id. at 345. This question is not remotely present here, and the case therefore does not guide the Court's decision-making.

was not made knowingly, intelligently and voluntarily and that he was entitled to an evidentiary hearing before the trial judge denied his motion to withdraw the plea. Petitioner offers nothing of substance in his objections that was not present in his petition, and objections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition. Regardless, there is nothing in either the petition or the objections to support Petitioner's position.

There appear to be two recurring sticking points for Petitioner, which he injects throughout his petition and his objections and which he believes make his habeas petition have merit. Specifically, he repeatedly asserts that there was not evidence of him possessing at least 5 grams of crack cocaine, as required by the count to which he pleaded. Second, he appears to believe that the mere fact that a co-defendant also pleaded guilty to trafficking on the same evidence used against him somehow nullifies his own plea. As to the co-defendant issue, Petitioner clearly misunderstands the concept of "possession" in the criminal context. In Ohio, possession may be actual or constructive, and it may be individual or joint. See State v. Haynes, 267 N.E.2d 787 (Ohio 1971), 25 Ohio St.2d 264; State v. Wolery, 348 N.E.2d 351 (Ohio 1976), 46 Ohio St.2d 316. Of course, Petitioner had no constitutional right to know that Lord-Dazvon McIntosh pleaded

guilty to drug trafficking charges based on the same evidence used against Petitioner. But even if such a right existed, McIntosh's plea in no way nullifies Petitioner's own plea and provides absolutely no support to Petitioner's ineffective assistance of counsel claim or any other claim set forth in the petition. Nor does McIntosh's plea serve in any way as proof of Petitioner's innocence, as he claims in his objections.

As to Petitioner's assertion that it was "impossible" for him to have committed the crime to which he pleaded guilty because the amount of cocaine attributable to that count was insufficient, Petitioner is simply wrong. The record clearly shows that Petitioner was informed of the charges against him in the indictment, that both his attorney and the trial court explained the elements of the crime to which he pleaded guilty, and that enough cocaine was seized and attributed to Petitioner to support his plea.

Petitioner has set forth nothing in either his petition or his objections with respect to Grounds Two or Three that could be read to support his contention that his plea was not knowing, voluntary and intelligent, which is the only question regarding guilty pleas that this Court may properly entertain via a habeas petition. Consequently, the Court finds Grounds Two and Three meritless.

  **C. Grounds Four, Five, Six & Seven**

In his objections, Petitioner does not address the procedural default of Grounds Four, Five, Six & Seven and, instead, reiterates the arguments on the merits set forth in his petition. He has therefore not demonstrated "cause of the default," nor has he shown "actual prejudice as a result of the alleged violation of federal law," and his failure to do so bars the Court from considering these grounds on habeas review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

**III. Conclusion**

Having conducted a de novo review of this matter pursuant to 28 U.S.C. § 636, the Court agrees with the findings, rationale and recommendations of the Magistrate Judge. Indeed, the Report is thorough, well-reasoned and correct. Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety (doc. 37) and denies Petitioner's objections (doc. 38). Therefore, Petitioner's Motion for Summary Judgment is DENIED (doc. 33) and his habeas corpus petition is DENIED WITH PREJUDICE. Further, the Court FINDS that a certificate of appealability should not issue with respect to the claims alleged in the petition because "jurists of reason" would not find it debatable whether this Court is correct in its procedural rulings and because Petitioner has failed to make a substantial showing of the denial of a constitutional right. Slack v. Daniel, 529 U.S. 473 (2000).

In addition, the Court CERTIFIES pursuant to 28 U.S.C. §

1915(a)(3) that with respect to any application by Petitioner to proceed on appeal in forma pauperis, an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to appeal in forma pauperis.  Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

Finally, the Court's ruling herein renders the remainder of Petitioner's outstanding motions moot, and they are each DENIED as such (docs. 53, 59, 61, 62, 63, 65, 70, 72, 76 and 77). Pursuant to the Court's authority under 28 U.S.C. § 1651(a), the Court hereby DIRECTS the Clerk of Court to refuse for filing any further documents by Petitioner except for a notice of appeal from this Order and to return to Petitioner, without filing, any such documents presented.  Unless directed to the contrary by the Court of Appeals, this Court will entertain no further filings by Petitioner in this matter as this case is CLOSED.

SO ORDERED.

Dated: February 29, 2012     s/S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge